The, opinion of the Court was delivered by

Mr. Justice Johnson.

From the nature, of the thing, applications for continuances mustalway he addressed to the discretion of the court, and any fixed rule oh the subject is impracticable. It may be possible, and the rule of court is an effort to establish something like a principle, on which to exercise it; but in its application to the ■infinity of perplexing questions to which it gives rise, the presiding judge must be left free to act in such a manner as to secure a speedy and fair trial, the great object and end of the rale itself; and this court, for the most obvious reasons, ought' not to interfere. It would involve the absurdity of controlling, a discretion by discretion, without the aid of the circumstances on which it was first exercised. The defendant can. therefore, take nothing on this ground of the motion.
2d. It is impossible, by the most subtile construction, to give to the notes on which this action is partially founded any other legal effect than that of contracts for the delivery of rice, mentioned in them, on the days stated; the price mentioned, being-nothing more than the consideration on which they were found-' fed; and there is no principle better established or more universally acted upon, than that the measure of the damages is the value of the thing, on the day .on which it should be delivered; to which there is no legal objection to super add by way of damages, also, the interest which has since accrued on the amount.. The jury did right, therefore, in adopting it in their estimate of the damages in this case.
3d. The last groun4 is not without difficulties; hut after' considering the subject well, my mind has come to the conclu- ■ sion that the account was not legally proved. The orders were mere authorities to deliver the goods to the person in whose favor they were drawn, and do not contain any intrinsic evidence that they were delivered; and when it is recollected that the plaintiff was a merchant, and kept, or ought to have kepf *113 •regular books, in which the goods delivered ought to have beca entered, and that he himself, or any clerk, was competent to prove them; keeping them back, or not accounting for them, creates a strong suspicion that all was not fair. The presence of the book was necessary for another purpose; it .might have appeared that the account had been settled, or that the goods had only been partially delivered; and under the usage of this country, where slaves are the usual agents when goods are wanted for family use, iiwould.be impossible for the defendant to disprove the delivery. I think, therefore, it was incumbent on the plaintiff to prove the delivery of the goods by other means than the mere production of the orders, and a new trial is .ordered, unless the plaintiff enter a remittitur for the sum of $99 87-100, the amount of the account.
White, for the motion.
JOum-.m, contra.
Hay, Mott, Gantt, and Huger, Justices, concurred*